```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION


UNITED STATES OF AMERICA    )
                            )
         v.                 )    CASE NO. 1:15-CR-022
                            )
MARC BERCOON                )
```

### DEFENDANT MARC BERCOON'S MOTION IN LIMINE
### TO PRECLUDE TESTIMONY FROM ALEXANDER SCOUFIS

COMES NOW, MARC BERCOON, by and through undersigned counsel, and hereby files this Motion in Limine. The government intends to call a witness named Alexander Scoufis. He is clearly an expert, despite the prosecution's claims to the contrary. The disclosure for this expert is insufficient. The Court should therefore exclude testimony from Mr. Scoufis.

### THE GOVERNMENT'S DISCLOSURE

After many requests, the prosecution sent a letter, dated August 4, 2017, regarding potential expert testimony in this case. A copy is attached as Exhibit "A".

The prosecution intends to call Mr. Alexander Scoufis, but the government does not believe he will render expert opinion testimony. Exhibit "A" nevertheless includes a copy of his resume. Mr. Scoufis, who graduated from law school two years ago, now works for FINRA. According to the cover letter, he has already notched two cases where federal prosecutors put him on the witness stand in criminal securities fraud prosecutions. Defendants in neither case

apparently challenged his qualifications or testimony.

Exhibit "A" sets out an array of subjects about which Mr. Scoufis will testify, none of which is an expert opinion, according to the government. Defendant concedes that although some of Mr. Scoufis's proposed testimony is non-controversial, all of it is expert testimony.

As shown in Exhibit "A", Mr. Scoufis will testify about an array of subjects that the average person does not know about. He will discuss the "nature, structure, and regulation of the securities markets, and the roles of FINRA and the Securities and Exchange Commission…in such regulation." He will also talk about "disclosure requirements of publicly-traded companies", "documents required to be filed with the SEC to comply with such disclosure requirements", "the general characteristics of acquiring and merging a public shell with a private company", and "types of manipulative trading, including match trades, wash trades, and marking the close."

Exhibit "A" also discusses a number of highly complex terms that Mr. Scoufis will supposedly define for the jury. One important aspect of the information he will testify about is found on page 4 of the government's letter. Scoufis will testify about disclosure requirements for "Corporate insiders." Scoufis will also discuss who is an "affiliate", and the import of that designation. Additionally, the prosecution wants this witness, with his

experience and training, to discuss the process for a "reverse merger." He may explain about, "acquiring the shell, cleaning up the shell, dealing with outstanding stock associated with the shell, and merging that shell with a private company." As part of this testimony Scoufis will "explain the process by which debt is converted into free-trading shares pursuant to SEC Rule 144, which would include, among other things, fulfilling requisite holding periods".

This supposed non-expert will "summarize the trading practices and volumes of the stocks at issue." He "will summarize the brokerage, 'Bluesheet' and transfer agent records…to identify trades placed by or on behalf of entities or 'nominees' controlled by the co-conspirators…".

**DEFENDANT'S REQUEST FOR MORE INFORMATION AND THE RESPONSE**

One week after the government sent this letter, counsel for Mr. Bercoon sent the following message to government counsel.

> Alana– I received the information you(sic) concerning the expected testimony of Alexander Scoufis in your letter dated August 4, 2017. We have a difference of opinion as to whether his proposed testimony should be disclosed as expert witness opinions under Rule 16(a)(1)(G), but considering that difference I appreciate you sending me the August 4 letter and attachment.
>
> As you may expect, I believe that much of Mr. Scoufis' proposed testimony falls with the rules for expert witnesses. As a result, we are entitled to know his opinions, and the "…bases and reasons for those opinions." Id. Your August 4 letter provides no information from which we can determine the sources of

>information on which Mr. Scoufis will base his testimony, other than the "experience" and "education" on his resume.
>
>I recognize that much of his proposed testimony is self-evident for lawyers and professionals involved in the securities industry.  In other words, I am not asking for the bases of his testimony regarding such obvious terms as a "stock", the SEC, the "stock market", and the like.  However, certain portions of his proposed testimony do require additional disclosures.
>
>We need to know the source of his claim that "Federal law may require public companies to file and/or amend previously filed reports with the SEC…", and what connection that information has with the entities involved in this case.
>
>We need the bases of his testimony regarding the paragraph that starts with the term "Corporate insiders".
>
>We need disclosure of the bases for his testimony regarding an "affiliate."
>
>Finally, we need to know all sources of information on which he will base his testimony regarding anything in the paragraph that mentions the "reverse merger" process.
>
>We have a deadline for pretrial motions on August 24(sic), so if you could let me know your position on this relatively soon that would help.  Thanks, and let me know if you'd like to talk about this on the phone.

Here is the government's reply, sent today, August 23, 2017 (the date on which the Court requires the filing of all pretrial motions).  "Hi Paul…Mr. Scoufis will be relying upon the federal securities laws, on SEC regulations, on the SEC filings of the issuer, and on his training and experience at FINRA." As will be set out below, this is inadequate.

**ONLY THE COURT CAN TELL JURORS ABOUT THE LAW**

Before turning to the fact that Mr. Scoufis is clearly an expert and that the government's "disclosure" is inadequate, the Court should rule that neither this witness nor any other can tell the jury about the law.  No witness should be permitted to tell the jury what the law mandates. Instead, a witness can merely testify as to what the witness believes, and why. Only the Court during its instructions can tell jurors about the legal principles at issue in this case.

The District Court for the Southern District of Florida addressed this issue in the context of an expert witness report that the United States wanted to use when requesting summary judgment in a False Claims Act matter involving supposed Medicare fraud. The same principles apply to both experts and lay witnesses.

> Federal Rule of Evidence 704 allows an expert to "testify as to his opinion on an ultimate issue of fact," but an expert may not tell the judge or jury what result to reach under the law.  Montgomery v. Aetna Cas. & Sur. Co., 898 F. 2d 1537, 151 (1th Cir. 1990) (finding error in district court's admission of expert testimony concerning legal conclusions). The Court determines the applicable law and expert opinions regarding the legal standards applicable to a case must be excluded. City of Tuscaloosa v. Harcross Chems., Inc., 158 F. 3d 548, 565 (11th Cir. 1998); United States v. Hunter, 373 Fed. Appx. 973, 978 (11th Cir. 2010)("The witness also cannot testify to the legal implications of conduct because the court must be the jury's only source of law.")(citing Montgomery, 898 F. 2d at 1541). Since Relators'expert Charles Waldhauser's report consists primarily of impermissible legal conclusions the Court finds his

> testimony in this regard to be excludable. <u>Harcross Chems.</u>, 158 F. 3d at 565; *see also* <u>Pleasant Valley Biofuels, LLC V. Sanchez-Medina</u>, Case No. 13-23046-CIV, 2014 WL 2855062, AT *5 (S.D. Fla. June 23, 2014) ("An expert witness may not testify as to the state of the law, however; this is the Court's duty."); <u>Cordoves v. Miami-Dade County</u>, 104 F. Supp. 3d 1350, 1365-66; <u>Cordoves v. Miami-Dade County</u>, 104 F. Supp. 3d 1350, 1365-66, Case No. 14-20114-CIV, 2015 WL 2258457, at *12 (S.D. Fla. Mar. 2, 2015)(excluding expert's opinions consisting of impermissible legal conclusions regarding ADA compliance.

<u>United States ex rel Phalp v. Lincare Holdings, Inc.</u>, 116 F. Supp 3d 1326, 1341-42 (S.D. Fla. 2015).

A District Court in the Southern District of Alabama reached the same result in a criminal case where the prosecution wanted a witness to tell the jury what the law requires.

> In this case, the Court concludes Mr. Evans may speak about his responsibilities at the Ethics Commission, the scope and nature of various Alabama state ethics laws, the rules and procedures for the filing of Statement of Economic Interests forms, and ethics guidelines for public officials and employees. The Court also concludes Mr. Evans may not offer his opinion on whether Defendants violated state ethics laws. That is not helpful to a trier of fact, and is essentially a legal conclusion. Thus Mr. Evans may make factual statements about the forms at issue. Mr. Evans may not make legal statements or offer conclusions as to whether Defendants violated Alabama ethics law or acted with the intent to defraud.

<u>United States v. Hastie</u>, Criminal No. 14-00291-CG-N, 2015 WL 13310087, AT *5 (S.D. Ala. April 22, 2015).

Yet another District Court, this time in Chicago, faced a criminal case where the prosecution wanted to call a witness to

discuss the interplay between a regulatory framework and what the Defendants did, or did not, do.  United States v. Caputo, 374 F. Supp 2d 363 (N.D. Ill. 2005).  The Defendants were indicted for fraud and introducing misbranded and adulterated devices into commerce through their marketing of a sterilizer for equipment used in treating eyes.  The government wanted to call an expert to discuss eye injuries, residue found on eye instruments even after the Defendants' sterilizers had been used, and the adequacy of the steps taken by the Defendants to determine the safety of the sterilizer.  The Court allowed the expert to testify about what literature was available at the time when the Defendants marketed and sold the sterilizer, and how certain eye injuries could be caused.  However, the Court prohibited the witness from telling the jury whether the Defendants met their statutory obligations. "Defendants correctly assert that an expert must not improperly tell the jury why [a party's] conduct was illegal.'" Id., at 646 (citation omitted).  "While an expert may testify regarding industry standards and practices, he may not offer opinions that amount to legal conclusions." Id.

> As a result, Dr. Gad may not testify about whether Defendants met their obligations under the Safe Medical Devices Act of 1990, because such testimony would constitute an impermissible legal conclusion. For the same reason, Dr. Gad may not summarily testify that Technical Note 13 was "materially misleading" within the meaning of any statute or regulation.

Id.

7

The court is the only source of the law in a criminal trial. As a result, Defendant asks that the Court prohibit the government from asking Mr. Scoufis, or any witness, to state what the law does, or does not require.

**INADEQUACY OF EXPERT WITNESS DISCLOSURE**

In United States v. Holland, 223 Fed. App's. 891 (11th Cir. 2007), the Eleventh Circuit confronted a case where the Defendant in a criminal case claimed that the prosecution had not provided adequate disclosure when calling an expert witness.

> Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure imposes specific disclosure requirements on the government with regards to expert witnesses that the government plans to utilize at trial. The rule provides, in pertinent part, that, "[a]t the defendant's request, the government must give to the defendant a written summary of any [expert] testimony that the government intends to use." *Id.* The "summary" provided by the government must include the expert witness's "opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* The commentary to the Rule further provides that the government's summary "should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion...." *Id.,* Advisory Comm. Notes, 1993 Amendment.

Id., at 893 (footnote omitted).

In Holland, the Court determined that the prosecution had failed to comply with the disclosure requirements for expert witnesses.

> As to the government's expert testimony disclosure and the initial question of whether it accorded with the protocol of Rule 16, we conclude that it did not. The Rule makes clear that the government is required to

>provide a criminal defendant with the both witness's ultimate opinion and "the bases and reasons for those opinions," including "not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion...." Fed. R.Crim. P. 16(a)(1)(G), Fed. R.Crim. P. 16, Advisory Comm. Notes, 1993 Amendment. In this case, the government provided a terse letter-which stated only that witness Toby Taylor would testify as to the interstate nexus of the Remington rifle at issue-followed by an equally terse e-mail stating that Taylor would state that the Rifle was manufactured in New York state. The government failed to provide any additional information as to "the bases and reasons" for Taylor's conclusion that the rifle was made in New York; indeed, its disclosure was devoid of any mention of "tests, reports, [ ] investigations," or "any information that might be recognized as a legitimate basis" for that opinion. Fed. R.Crim. P. 16, Advisory Comm. Notes, 1993 Amendment. In short, we agree that the government's conduct with respect to this witness disclosure was "not impress[ive]," United States v. Chastain, 198 F.3d 1338, 1348 (11th Cir.1999), and that, under the plain language of Rule 16, the government was required to provide a more detailed explanation of Taylor's anticipated expert witness testimony.

Id., at 894.

Here, the government's explanation of the "bases and reasons" for Mr. Scoufis's various opinions is as equally terse as that which was criticized in Holland.  "Mr. Scoufis will be relying upon the federal securities laws, on SEC regulations, on the SEC filings of the issuer, and on his training and experience at FINRA."

The prosecution wants Mr. Scoufis to tell the jury about disclosure requirements for "Corporate insiders."  Scoufis will also supposedly discuss who is an "affiliate", and the import of that designation. Additionally, the prosecution wants this witness,

9

all of two years removed from law school, to discuss the process for a "reverse merger." He may explain, "acquiring the shell, cleaning up the shell, dealing with outstanding stock associated with the shell, and mergin that shell with a private company." As part of this testimony Scoufis will "explain the process by which debt is converted into free-trading shares pursuant to SEC Rule 144, which would include, among other things, fulfilling requisite holding periods. The government never explains which parts of federal securities "law", "regulations" or Scoufis's "training and experience at FINRA" lead him to these various opinions.

The law should come from the Court, not any witness. Furthermore, the government's disclosure is inadequate, and too late. The Court therefore should prohibit any testimony from Mr. Scoufis.

Dated: This 23rd day of August, 2017.

Respectfully submitted,

*/s/ Paul S. Kish*
PAUL S. KISH
Georgia State Bar No. 424277
ATTORNEY FOR MARC BERCOON

Kish & Lietz, P.C.
225 Peachtree Street, NE
1700 South Tower
Atlanta, Georgia 30303
404-588-3991; Fax 404-588-3995
paul@law-kl.com

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing filing into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 23rd day of August, 2017.

/s/ Paul S. Kish
PAUL S. KISH
Georgia State Bar No. 424277
ATTORNEY FOR MARC BERCOON

Kish & Lietz, P.C.
225 Peachtree Street, NE
1700 South Tower
Atlanta, Georgia 30303
404-588-3991; Fax 404-588-3995
paul@law-kl.com