IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA   )
                           )
        v.                 )   CASE NO. 1:15-CR-022
                           )
MARC BERCOON               )

<u>DEFENDANT MARC BERCOON'S REPLY TO THE
PROSECUTION'S RESPONSE REGARDING DEFENDANT'S MOTION IN
LIMINE TO PRECLUDE TESTIMONY FROM ALEXANDER SCOUFIS</u>

COMES NOW, MARC BERCOON, by and through undersigned counsel, and hereby files this Reply to the Response (Doc. # 288) the prosecution filed regarding Mr. Bercoon's Motion in Limine to exclude the testimony Alexander Scoufis. The government now concedes that it will shelve one-half of the Scoufis opinions about which Mr. Bercoon complained as being insufficiently supported. The prosecution's arguments regarding the remaining 50% of these expert opinions are without merit, and the Court should therefore prohibit this witness from testifying about these other subjects.

### THE GOVERNMENT'S DISCLOSURE

As noted in the parties' pleadings, the government told defense counsel that Mr. Scoufis would testify about a wide variety of subjects. The parties agree that Mr. Bercoon requested the "bases and reasons" for Mr. Scoufis' opinions in four distinct areas.

>   **(1)** We need to know the source of his claim that "Federal law may require public companies to file and/or amend previously filed reports with the

      SEC…", and what connection that information has with the entities involved in this case.

  **(2)** We need the bases of his testimony regarding the paragraph that starts with the term "Corporate insiders".

  **(3)** We need disclosure of the bases for his testimony regarding an "affiliate."

  **(4)** Finally, we need to know all sources of information on which he will base his testimony regarding anything in the paragraph that mentions the "reverse merger" process.

  The prosecution now concedes it will <u>not</u> ask this witness about the middle two areas, "corporate insiders" and "affiliates." Doc. # 288 at 7. That leaves the testimony from Mr. Scoufis that "Federal law <u>may</u> require public companies to file and/or amend previously filed reports with the SEC…" (emphasis added), plus the still-unexplained connection that such testimony has with any of the entities or individuals involved in this case.  The prosecution also apparently still intends to ask this witness about the "reverse merger" process.

  The government's recent pleading does not mention its response when Mr. Bercoon asked for the "bases and reasons for" the Scoufis opinions.  It bears repeating what the government said. "Mr. Scoufis will be relying upon the federal securities laws, on SEC regulations, on the SEC filings of the issuer, and on his training and experience at FINRA." As was set out in Mr. Bercoon's Motion in Limine, this response is inadequate.

Case 1:15-cr-00022-LMM-JFK   Document 294   Filed 10/04/17   Page 3 of 6

**THE DISCLOSURE IS INADEQUATE**

The prosecution's Response to the Motion in Limine still is inadequate. After a lengthy discussion about "materiality" and SEC filings, here is what the government says are the bases and reasons for the remaining Scoufis opinions.

> Mr. Scoufis has personal knowledge of these matters from his coursework in economics and law, and from his prior experience as a securities regulator. Specifically, Mr. Scoufis served until December 2016 as an Investigator in the Office of Fraud Detection and market Intelligence with the Financial Industry Regulatory Authority ("FINRA"), a role in which he analyzed trading data as part of his job. See Doc. 267-1 at 7.

Doc. #288 at 9-10.

This situation is very similar to that faced by the Court of Appeals in United States v. Holland, 223 Fed. App's. 891 (11th Cir. 2007), cited in Mr. Bercoon's Motion in Limine.

> Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure imposes specific disclosure requirements on the government with regards to expert witnesses that the government plans to utilize at trial. The rule provides, in pertinent part, that, "[a]t the defendant's request, the government must give to the defendant a written summary of any [expert] testimony that the government intends to use." *Id.* The "summary" provided by the government must include the expert witness's "opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* The commentary to the Rule further provides that the government's summary "should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion...." *Id.,* Advisory Comm. Notes, 1993 Amendment.

Id., at 893 (footnote omitted).

In Holland, the Court determined that the prosecution had

3

failed to comply with the disclosure requirements for expert witnesses.

> In this case, the government provided a terse letter-which stated only that witness Toby Taylor would testify as to the interstate nexus of the Remington rifle at issue-followed by an equally terse e-mail stating that Taylor would state that the Rifle was manufactured in New York state. The government failed to provide any additional information as to "the bases and reasons" for Taylor's conclusion that the rifle was made in New York; indeed, its disclosure was devoid of any mention of "tests, reports, [ ] investigations," or "any information that might be recognized as a legitimate basis" for that opinion. Fed. R.Crim. P. 16, Advisory Comm. Notes, 1993 Amendment. In short, we agree that the government's conduct with respect to this witness disclosure was "not impress[ive]," *United States v. Chastain,* 198 F.3d 1338, 1348 (11th Cir.1999), and that, under the plain language of Rule 16, the government was required to provide a more detailed explanation of Taylor's anticipated expert witness testimony.

Id., at 894.

Here, the government's explanation of the "bases and reasons" for Mr. Scoufis's various opinions is as equally terse as that which was criticized in Holland. "Mr. Scoufis will be relying upon the federal securities laws, on SEC regulations, on the SEC filings of the issuer, and on his training and experience at FINRA." Also, "Mr. Scoufis has personal knowledge of these matters from his coursework in economics and law, and from his prior experience as a securities regulator." This is insufficient. As a result, the Court should prohibit any testimony from Mr. Scoufis about these subjects.

Finally, the government fails to come to grips with Mr. Bercoon's point that an expert cannot tell the law to a jury. The prosecution seems to contend that a person who took "coursework in economics and law" should be permitted to tell the jury about what is, and what is not, material in the securities field. The cases cited in Defendant's Motion in Limine all demonstrate that it is an error of law to permit such testimony. <u>United States ex rel Phalp v. Lincare Holdings, Inc.</u>, 116 F. Supp. 3d 1326, 1341-42 (S.D. Fla. 2015); <u>United States v. Hastie</u>, Criminal No. 14-00291-CG-N, 2015 WL 13310087, AT *5 (S.D. Ala. April 22, 2015); <u>United States v. Caputo</u>, 374 F. Supp. 2d 363 (N.D. Ill. 2005).

Dated: This 4th day of October, 2017.

                                  Respectfully submitted,

                                  */s/ Paul S. Kish*
                                  PAUL S. KISH
                                  Georgia State Bar No. 424277
                                  ATTORNEY FOR MARC BERCOON

Kish & Lietz, P.C.
225 Peachtree Street, NE
1700 South Tower
Atlanta, Georgia 30303
404-588-3991; Fax 404-588-3995
paul@law-kl.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing filing into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 4th day of October, 2017.

*/s/ Paul S. Kish*
PAUL S. KISH
Georgia State Bar No. 424277
ATTORNEY FOR MARC BERCOON

Kish & Lietz, P.C.
225 Peachtree Street, NE
1700 South Tower
Atlanta, Georgia 30303
404-588-3991; Fax 404-588-3995
paul@law-kl.com