IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARC E. BERCOON | Criminal Action No.<br><br>1:15-CR-0022-LMM |

### United States' Opposition to Defendant Marc E. Bercoon's Motion for Bail Pending Appeal

The United States of America, by Bobby L. Christine, Acting United States Attorney, and Stephen H. McClain and Alana R. Black, Assistant United States Attorneys for the Northern District of Georgia, files this Opposition to Defendant Marc E. Bercoon's Motion for Bail Pending Appeal.

### Introduction

Defendant Marc E. Bercoon's motion for a bond pending appeal should be denied. Since this Court denied his 2018 requests for a bond pending sentencing, his burden has only gotten higher. Now, in addition to establishing by clear and convincing evidence that he is unlikely to flee or pose a danger to the community, he must also establish that his appeal raises a substantial question of law or fact likely to result in reversal or a new trial. He cannot meet this high burden.

Bercoon presents both a flight risk and danger to the community. He was sentenced to 10 years in prison and currently has a projected release date of

August 2026. His history shows that he has committed a series of multi-million-dollar frauds victimizing many people, even while under federal court injunction. His unsupported assertions do not constitute changed circumstances undermining this Court's prior bond decisions, nor do they amount to clear and convincing evidence that he is not a flight risk or danger to the community. Similarly, Bercoon has not shown that his appeal raises a substantial question likely to result in a reversal or new trial. As the government's appeal brief shows, Bercoon fails to show any error, much less harmful error, on appeal. And his new subject matter jurisdiction argument is frivolous and cannot support a bond. The government respectfully requests that the Court deny his motion.

## Background

On February 21, 2018, a jury sitting in the Northern District of Georgia convicted defendants Marc E. Bercoon and William A. Goldstein of perpetrating two sophisticated frauds, including the market manipulation of a publicly traded stock. (Doc. 374.) First, with the help of other co-conspirators, they manipulated the stock of a publicly traded company, MedCareers Group, Inc. (MCGI), in March and May 2010. The conspiracy culminated in two "pump and dumps," in which the defendants gained control of the freely traded shares, conducted some small trades to make the stock appear actively traded, and issued a series of misleading press releases and SEC filings over the course of several days, all while co-conspirators sent out mass emails touting the stock. While the price and demand for MCGI were artificially high, they sold millions of dollars' worth of shares using nominee accounts. Second, they sold shares of a private company,

2

Find.com Acquisition, while providing offering memoranda to potential investors that contained misrepresentations and material omissions. The Find.com scheme victimized dozens of people; the market manipulations of MCGI victimized thousands. After an 8-day trial and the presentation of overwhelming evidence, the jury convicted the two defendants of 12 counts including conspiracy, mail fraud, wire fraud, and securities fraud.

After the jury returned its verdict, the Court heard argument and remanded the defendants into custody. (Doc. 488 at 35-36.) In April 2018, Bercoon filed a motion to reconsider that decision, again asking for a bond pending sentencing. (Doc. 387; *see also* Docs. 390 (government opposition), 396 (Bercoon reply).) The Court denied that motion. (Doc. 399.)

In July 2018, the Court sentenced Bercoon to ten years in prison and ordered him to pay restitution and forfeiture in the respective amounts of $1,496,733 and $1,953,974. (Doc. 424.) He appealed. The appeal was argued on January 31, 2020. As the Court of Appeals docket reflects, in February 2020, Bercoon attempted to file a pro se Rule 12(b)(2) motion to dismiss the indictment in the Court of Appeals, arguing that subject matter jurisdiction was lacking. The Court returned the pro se filing to Bercoon because he is represented by counsel, prompting his appellate counsel to file a motion to withdraw in August 2020. In that motion, counsel noted that she had not agreed to file the motion on Bercoon's behalf and had no intention of doing so. The motion requested the Court of Appeals either to consider the pro se motion or to allow her to withdraw as counsel. In September 2020, the Court of Appeals granted the

motion requesting the filing of the motion and denied the alternative motion for counsel to withdraw.

Bercoon has filed a motion in this Court for a bond pending appeal. (Doc. 520.) The government opposes that motion. Bercoon is currently housed at the Federal Prison Camp in Montgomery, Alabama, with a projected release date of August 29, 2026. *See* https://www.bop.gov/inmateloc/ *(*last visited Jan. 25, 2021).

## Argument

Section 3143(b) of Title 18 provides that the Court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . ., be detained, unless" the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>    (i) reversal,
>    (ii) an order for a new trial,
>    (iii) a sentence that does not include a term of imprisonment, or
>    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). The burden is on the defendant to establish these factors. *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1986); Fed R. Crim. P. 46(c).

4

Here, Bercoon has failed to meet his burden on both fronts. He has not established by clear and convincing evidence that he is unlikely to flee or pose a danger to the community, nor has he shown that his appeal raises a substantial question likely to result in reversal or a new trial.

1. **Bercoon has failed to establish by clear and convicting evidence that he is not likely to flee or pose a danger to the community.**

Bercoon is a flight risk. He is serving a 10-year prison sentence, with a projected release date of August 2026. Before his conviction, he showed that he was adept at deceiving others and raising millions of dollars based on fraud. Bercoon also apparently has access to significant financial resources through his parents. In April 2018, while seeking a bond pending sentencing, he offered to have his father make a $250,000 deposit into the registry of the Court. (Doc. 387 at 2-3.) Before his incarceration, he and Goldstein had a web-based business with significant cash flow. Bercoon has also shown that he cannot be trusted to comply with court orders. He and Goldstein continued to arrange fraudulent sales of Find.com even after the U.S. District Court for the Central District of California issued an injunction against them in 2010. (PSR at 33-34 ¶ 117.) He should not be trusted to comply with a bond in this case.

His repetitive series of fraudulent endeavors also supports a finding that he presents a danger to the community. As noted, despite an injunction from a federal court, Bercoon continued to engage in fraud. In that civil California matter, which concerns different conduct from that underlying his criminal convictions, Bercoon and Goldstein defrauded investors by raising at least $3.2

million in an unregistered fraudulent offering of securities to the general public. The Court froze their assets given that over 90% of the fraudulently raised funds were unaccounted for. *See SEC v. LADP Acquisition, Inc., William A. Goldstein, and Marc E. Bercoon*, Case No. 2:10-CV-06835 (C.D. Cal.), Doc. 19; *see also id.*, Doc. 1 (describing fraud and its relationship to L.A. Digital). Bercoon separately defrauded numerous investors through the manipulations of the MCGI stock and through the private offering of Find.com shares. His history of defrauding victims—even while under injunction from a federal court—supports that Bercoon presents a risk to the community if released on bond. *See United States v. King*, 849 F.2d 485, 487 n.2 (11th Cir. 1988) (quoting legislative history of the Bail Reform Act for proposition that "dangerousness" and "safety" are broad terms that contemplate criminal activity beyond "physical violence"); *United States v. Reynolds*, 956 F.2d 192, 192-93 (9th Cir. 1992) ("[D]anger may, at least in some cases, encompass pecuniary or economic harm.").

Not only do these facts support a finding that Bercoon presents a flight risk and danger to the community, but Bercoon shoulders the burden of showing—by clear and convincing evidence—that the opposite is true. None of the circumstances claimed by Bercoon in his brief meets that high burden. (Doc. 520 at 9-14.) He notes that he was sentenced to 10 years in prison (rather than 15 or more) and speculates about whether he could be released to home confinement in three or four years under the elderly offender program authorized by the First Step Act. But the fact is that a 10-year sentence is a lengthy sentence supporting detention, and Bercoon has years left on his sentence. Bercoon also argues that he

is unlikely to flee during the COVID-19 pandemic. But with the recent introduction of the vaccines, there is now a light at the end of the tunnel concerning the pandemic. Bercoon could easily flee even with the pandemic as it stands now. His claims of health issues that would affect his ability or willingness to flee are both unsupported by evidence and inconsistent with the PSR, which showed him to be in relatively good health at sentencing. (PSR at 38 ¶¶ 140-41.) Bercoon's remaining claims about a possible ineffective-assistance-of-counsel claim and his finances are likewise unsupported or speculative, or both, and do not constitute a changed circumstance that would call this Court's prior bond determinations into question. In short, Bercoon has not established the relevant release factors by clear and convincing evidence.

There is no reason to take Bercoon at his word that he will not flee or defraud others. He has previously perpetrated multi-million-dollar frauds by lying to others. Bercoon has also shown a willingness to exploit others for his personal gain. Indeed, he participated in a sophisticated stock market manipulation that left innocent investors with few assets holding the bag. Trial testimony showed that he manipulated the market, in part, by also manipulating his long-time friend Marc Rosenberg; Bercoon convinced Rosenberg to personally trade stock in his own name while Bercoon pulled the strings (even to the point of drafting emails for Rosenberg to send his broker). Evidence from the wiretap suggests that Bercoon may hide assets by placing them in his wife's name. For example, on August 19, 2011 (session 4376), the wire captured Bercoon explaining to his father, in substance, that he was starting a new business, with the proceeds to be

7

split three ways between himself, Goldstein, and "the website guy." When Bercoon's father asked how Bercoon and Goldstein would be able to keep the profits given the SEC matter, Bercoon responded that the business would be placed in his wife's name. Based on his history, the Court has little reason to trust Bercoon. He has failed to meet his burden under the first prong of § 3143(b).

2. **Bercoon has failed to establish that his appeal raises a substantial question of law or fact likely to result in reversal or a new trial.**

Bercoon has also not shown that his appeal raises a substantial question likely to result in a reversal or new trial. He first summarizes the arguments raised in his appeal brief. (Doc. 520 at 16-17, 22-23.) Given the timing of this bond request, the government's response to Bercoon's appeal arguments is set forth in an appeal brief which has already been filed. A copy of that brief is attached to this opposition. As that brief shows, Bercoon has not raised a substantial question of any error during the proceedings before this Court. And, not only would Bercoon have to show error, he would have to show harmful error to obtain a reversal. As the government noted in its appeal brief, here, the jury heard overwhelming evidence from 21 witnesses establishing that the defendants engaged in two wide-ranging fraud schemes. The jury heard from two cooperators and two co-conspirators who were eyewitnesses to the crimes, and from FBI witnesses, an SEC witness, a FINRA expert, and multiple victims. Over 140 exhibits were introduced, including financial records, trading records, and summaries establishing the two fraud schemes. Witnesses described how defendants issued false press releases and used throw-away phones during the

MCGI manipulations. Witnesses described how the defendants lied in multiple ways about Find.com to deceive investors into providing money, which the defendants then misappropriated. There was no error, much less harmful error.

Bercoon next raises his Rule 12(b)(2) subject matter jurisdiction argument, which he has raised in the Court of Appeals by way of a pro se motion. That motion claims that subject matter jurisdiction is lacking because the government supposedly engaged in grand jury misconduct. (Doc. 520 at 17-22, 24.) The government's appeal brief does not address this argument (because Bercoon filed his motion after briefing and oral argument), but the argument fails to raise a substantial question likely to result in reversal for multiple reasons.

First, Bercoon's claim that the FBI agent gave inaccurate testimony in the grand jury is really just Bercoon placing his own spin on facts, deceptively nitpicking the words of the agent, or claiming that other evidence was somehow inconsistent with the agent's testimony. (*Id.* at 19-22.) A review of the grand jury transcript reveals that the agent's grand jury testimony was consistent with the overwhelming evidence of Bercoon's guilt at trial, based on which the jury convicted. There was no misconduct.

Second, Bercoon does not cite any authority holding that the alleged grand jury misconduct deprives the courts of subject matter jurisdiction. He tries to shoehorn his argument into subject matter jurisdiction to avail himself of the proposition that subject matter jurisdiction can be raised any time and thus that his grand jury argument can be raised by him for the first time in the Court of

9

Appeals even though it was not raised in this Court. But he cites nothing holding that such alleged grand jury misconduct affects subject matter jurisdiction.

Third, "even if [Bercoon's] allegations of misconduct before the grand jury [we]re true, 'the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from the violation.'" *United States v. Flanders*, 752 F.3d 1317, 1333 (11th Cir. 2014) (quoting *United States v. Mechanik*, 475 U.S. 66, 67 (1986)). The petit jury's guilty verdict shows that Bercoon was guilty beyond a reasonable doubt—and necessarily that there was probable cause to charge—and thus "any alleged misconduct before the grand jury was harmless." *United States v. Lovelace*, No. 19-14071, 2021 WL 162344, at *1 (11th Cir. Jan. 19, 2021) (unpublished) (citing *Flanders*, 752 F.3d at 1333); *see United States v. Andre*, 601 F. App'x 836, 839 (11th Cir. 2015) (unpublished) (holding that, "even if we assume that Agent Reinckens' testimony to the grand jury was false," "[a]ny prosecutorial misconduct (or other error due to false testimony) before the grand jury was harmless" and thus "not grounds for reversing" in light of the petit jury's guilty verdict). This body of law shows that the grand jury misconduct alleged by Bercoon would not affect the courts' subject matter jurisdiction; on the contrary, the petit jury's guilty verdict renders such allegations harmless. This case law also shows that Bercoon's jurisdictional arguments do not raise a substantial question likely to result in reversal. It is telling that trial counsel failed to raise these arguments in this Court and that appellate counsel failed to raise them on appeal. (Doc. 520 at 3.) They cannot support a bond pending appeal.

## Conclusion

For these reasons, Bercoon's motion for a bond pending appeal should be denied.

Respectfully submitted,

BOBBY L. CHRISTINE
   *Acting United States Attorney*

/s/ STEPHEN H. MCCLAIN
   *Assistant United States Attorney*
Georgia Bar No. 143186

/s/ ALANA R. BLACK
   *Assistant United States Attorney*
Georgia Bar No. 785045

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record. A copy will also be mailed to:

>Marc E. Bercoon
>FPC Montgomery - Inmate Legal Mail
>Maxwell Air Force Base
>Montgomery, AL 36112

January 25, 2021

/s/ STEPHEN H. MCCLAIN

STEPHEN H. MCCLAIN

*Assistant United States Attorney*